

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**David M. Pollack**
*Assistant Corporation Counsel*
*Special Federal Litigation Division*
Tel.: (212) 788-1894
Fax: (212) 788-9776

February 17, 2012

BY ECF
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Thirston Harrison v. City of New York, et al.,
          11 CV 2762 (SLT)(RML)

Dear Judge Levy:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of Defendant City of New York (the "City"). I am writing in response to this Court in support of our request for reconsideration and to correct misrepresentations advanced by plaintiff's counsel.

      First, Defendants did prepare and serve on February 10, 2012 full responses to plaintiff's discovery requests. Moreover, we have learned that the reason we were not receiving documents in this case is that plaintiff's family members are currently being prosecuted and taken to trial in the criminal court for the weapons recovered inside the home. In addition, yesterday morning I received and provided immediately to plaintiff's counsel, the Affidavit in Support of the Search Warrant, which reveals that confidential informants were inside the subject location with plaintiff and were shown all the illegal handguns recovered during the search warrant execution by plaintiff. Furthermore, plaintiff's identification and mail were located inside the same bedroom where the guns were recovered. Accordingly, plaintiff plaintiff's claims that he did not live at the subject location are belied and it appears he may have exercised dominion and control of the weapons recovered. Due to the ongoing criminal prosecution of close family members of plaintiff, Defendants respectfully request that the discovery deadline be extended for sixty (60) days to allow the collection of fingerprint analysis and additional evidence such as the mail recovered from the bedroom of the subject location. Defendants are also awaiting the production of personnel files.

      Furthermore, while defendants did disclose other officers present at the precinct when plaintiff arrived, all they did was detain plaintiff until Sergeant Cheesewright and Officer Winters returned. Officer Winters remained plaintiff's arresting officer and together with

Sergeant Cheesewright are the individuals with the most knowledge of plaintiff and his activities. Defendants long ago disclosed Officer Winters and Sergeant Cheesewright.

There is no basis for sanctions in this case which appears to headed for dismissal if the identification and mail in the bedroom of the subject location belong to plaintiff. We have produced all arrest information to date and in good faith responded fully to discovery. Given that this case involves the execution of a search warrant in which three (3) loaded firearms were recovered, with which it appears plaintiff had some level of contact, as well as a large quantity of marijuana, we believe important evidence is being maintained by the Kings County DA. Mr. Harvis is mistaken as we did not access sealed information regarding plaintiff, but I was able to view his arrest history which is significant. We have agreed to provide disciplinary histories and personnel files and there is no basis for the imposition of any sanction as it is plaintiff who failed to conduct proper diligence before commencing this case. Accordingly, we respectfully request that this Court reconsider the ruling regarding waiver of objections and allow the parties an additional sixty (60) days to conclude discovery.

Respectfully submitted,

David M. Pollack
Assistant Corporation Counsel

cc: BY ECF
Gabriel P. Harvis, Esq.
Attorney for Plaintiff