UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

THIRSTON HARRISON,

                      Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer JOSHUA WINTERS, Shield No. 1708; Sergeant DAVID CHEESEWRIGHT, Shield No. 1990; Police Officer JASON BRUNSON, Shield No. 17542; Police Officer JONATHAN CARO, Shield No. 20193; JOHN and JANE DOE 5 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
---------------------------------------------------------------- x

**SECOND AMENDED COMPLAINT**

11 CV 2762 (SLT) (RML)

Jury Trial Demanded

## **NATURE OF THE ACTION**

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## **JURY DEMAND**

6. Plaintiff demands a trial by jury in this action.

## **PARTIES**

7. Plaintiff Thirston Harrison ("plaintiff" or "Mr. Harrison"), an African-American male, is a resident of the State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Joshua Winters, Shield No. 1708 ("Winters"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Winters is sued in his individual and official capacities.

10. Defendant Sergeant David Cheesewright, Shield No. 1990 ("Cheesewright"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cheesewright is sued in his individual and official capacities.

11. Defendant Police Officer Jason Brunson, Shield No. 17542 ("Brunson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Brunson is sued in his individual and official capacities.

12. Defendant Police Officer Jonathan Caro, Shield No. 20193 ("Caro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Caro is sued in his individual and official capacities.

13. At all times relevant defendants John and Jane Doe 5 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 5 through 10.

14. At all times relevant herein, defendants John and Jane Doe 5 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 5 through 10 are sued in their individual and official capacities.

15. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16. At approximately 8:15 a.m. on Oct. 29, 2010, Plaintiff was lawfully present inside the 77th Precinct station house in Brooklyn, New York.

17. Plaintiff had recently learned that members of this family had been detained following an early morning police raid on their home, and was attempting to provide change to these family members so that they might make telephone calls.

18. Inside the station house, Defendant officers accosted Plaintiff and arrested him.

19. The Defendant officers had no reason to suspect that Plaintiff was involved in criminal activity.

20. At the precinct the Defendant officers falsely informed employees of the Kings County District Attorney's Office that Plaintiff had committed the offense of criminal possession of marijuana and other crimes.

21. Plaintiff was then taken to Brooklyn Central Booking.

22. Plaintiff was released from Brooklyn Central Booking when the Kings County District Attorney declined to prosecute.

23. Upon his release, Plaintiff learned that Defendant officers, during the raid on his family's house, had conducted an unlawful search of Plaintiff's car, during the course of which they had ripped up the carpeting.

24. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

25. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

26. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation. Plaintiff also sustained physical damage to his vehicle.

## FIRST CLAIM
## 42 U.S.C. § 1983

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

36.     Plaintiff was conscious of his confinement.

37.     Plaintiff did not consent to his confinement.

38.     Plaintiff's confinement was not otherwise privileged.

39.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

40. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against Plaintiff.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Hiring/Training/Retention Of Employment Services

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

48. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

49. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

50. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

8

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

# **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   June 26, 2012
         New York, New York

>                                HARVIS MARINELLI
>                                SALEEM & WRIGHT LLP
>
>                                _____
>                                Gabriel P. Harvis
>                                305 Broadway, 14th Floor
>                                New York, New York 10007
>                                (212) 323-6880
>                                gharvis@hmswlaw.com
>
>
>                                *Attorney for plaintiff*